NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BYRON DEWAYNE RILEY, | ) | No. C 10-02581 JF (PR) |
| Petitioner, | ) ) | ORDER TO SHOW CAUSE |
| vs. | ) ) | |
| GROUNDS, Warden, | ) ) | |
| Respondent. | ) ) ) | |

Petitioner, a California state prisoner at the Correctional Training Facility in Soledad, proceeding pro se, seeks a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the 2009 decision of the Board of Parole Hearings ("Board") finding him unsuitable for parole. Petitioner has paid the filing fee. The Court orders Respondent to show cause why the petition should not be granted.

**STATEMENT**

According to the petition, Petitioner was sentenced in 1990 to eighteen years to life in state prison after a jury found him guilty of second degree murder in Los Angeles County Superior Court. (Pet. 2.) Petitioner challenges the Board's decision denying him parole after a parole suitability hearing on January 5, 2009. Petitioner filed habeas

petitions in the state superior court, state appellate court, and the state supreme court, all of which were denied as of May 12, 2010.  Petitioner filed the instant federal petition on June 11, 2010.

## DISCUSSION

**A.     Standard of Review**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.

**B.     Petitioner's Claims**

As grounds for federal habeas relief, Petitioner alleges the following: (1) the Board's decision was not supported by some evidence, thereby violating due process, (Pet. Attach. at 1); (2) petitioner has a liberty interest in parole release, (id. at 2); and (3) the denial of parole for the fifth time based on "immutable circumstances of the commitment offence, while ignoring rehabilitation demonstrated by long term exemplary programming deprives Petitioner of due process," (id. at 3).  Liberally construed, Petitioner's claims are cognizable under § 2254.  The Court orders Respondent to show cause why the petition should not be granted.

## CONCLUSION

1.     The Clerk shall serve by mail a copy of this order and the petition and all attachments thereto upon the Respondent and the Respondent's attorney, the Attorney General of the State of California.  The Clerk shall also serve a copy of this order on the Petitioner.

Order to Show Cause
P:\PRO-SE\SJ.JF\HC.10\Riley02581_osc-parole.wpd

2

1    2.   Respondent shall file with the Court and serve on Petitioner, **within sixty
2 (60) days** of the date this order is filed, an answer conforming in all respects to Rule 5 of
3 the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus
4 should not be granted.  Respondent shall file with the answer and serve on Petitioner a
5 copy of all portions of the state parole record that have been transcribed previously and
6 that are relevant to a determination of the issues presented by the petition.

7    If Petitioner wishes to respond to the answer, he shall do so by filing a traverse
8 with the Court and serving it on Respondent **within thirty (30) days** of his receipt of the
9 answer.

10    3.   Respondent may file a motion to dismiss on procedural grounds in lieu of
11 an answer, as set forth in the Advisory Committee Notes to  Rule 4 of the Rules
12 Governing Section 2254 Cases.  If Respondent files such a motion, Petitioner shall file
13 with the Court and serve on Respondent an opposition or statement of non-opposition
14 **within thirty (30) days** of receipt of the motion, and Respondent shall file with the court
15 and serve on Petitioner a reply **within fifteen (15) days** of receipt of any opposition.

16    4.   It is Petitioner's responsibility to prosecute this case.  Petitioner is reminded
17 that all communications with the Court must be served on respondent by mailing a true
18 copy of the document to Respondent's counsel.  Petitioner must keep the Court and all
19 parties informed of any change of address by filing a separate paper captioned "Notice of
20 Change of Address."  He must comply with the Court's orders in a timely fashion.
21 Failure to do so may result in the dismissal of this action for failure to prosecute pursuant
22 to Federal Rule of Civil Procedure 41(b).

23    IT IS SO ORDERED.
24 DATED: __10/25/10_____   _____
25                                         JEREMY FOGEL
                                           United States District Judge

Order to Show Cause
P:\PRO-SE\SJ.JF\HC.10\Riley02581_osc-parole.wpd        3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

BYRON DEWAYNE RILEY,

        Petitioner,

  v.

GROUNDS, Warden,

        Respondent.

Case Number: CV10-02581 JF

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on  11/2/10 , I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Byron Dewayne Riley E-59078
Correctional Training Facility
P.O. Box 686
Soledad, CA 93960

Dated:  11/2/10

                              Richard W. Wieking, Clerk